AYRES, Judge.
This is an action for an adjustment of awards of alimony for the wife and of support of a minor child theretofore granted by the trial court in a judgment of separation “a mensa et thoro.” Defendant appealed from a judgment awarding plaintiff, Mrs. Beverly Thomas Gaar, alimony in the sum of $230.00 per month and $100.00 per month, for the support of the minor.
The defendant assigns as error the failure of the trial court in fixing the awards to take into consideration the debts of the community of acquets and gains formerly existing between plaintiff and defendant which, of course, the husband is obligated to pay.
*502 The evidence adduced by plaintiff consists of the testimony of defendant as to his monthly income and of her testimony as to her needs. Defendant’s evidence consists of his testimony concerning his income and his expenses. This evidence, not refuted with respect to defendant’s income and expenses, is summarized in a statement which was the subject matter of a written narrative of facts signed by counsel for both litigants and filed in evidence in lieu of a transcript of the testimony taken on trial of the case. This statement discloses that defendant’s gross monthly salary was $1,-076.92, with a net, after deductions of F.I. C.A., federal withholding tax, and state tax, of $864.88. Also listed were obligations of defendant in the sum of $9,479.42 on which monthly payments aggregated $262.-42. Additional indebtedness payable monthly was listed and included expenses for insurance, clothing, telephone, car expense, utilities, et cetera, which required a total monthly expenditure of $335.91.
Plaintiff’s itemization of her expenditures and needs per month aggregated $609.59.
Mrs. Gaar, due to illness, was not working at the time of trial. Medical and hospital expenses shown on her exhibit were incurred for her benefit prior to the separation.
The awards to and for the benefit of the wife and child approximate one-third of the husband’s income. No consideration was given to the community debts in fixing either award, as the court concluded the community debts should be disposed of in a settlement of the community estate.
No necessity exists to justify in this opinion the need for or the validity of the claims based on each of the aforesaid items. It appears self-evident that the family income, a net of $864.88, is insufficient to meet the needs of all parties estimated to be $1,207.92. It is likewise self-evident that the parties must curb their desires, omit the nonessentials from their so-called lists of necessities, and live within their income. The trial court, it appears, did the best it could, with what it had before it, to do justice between the parties. We find no error in its conclusions.
The judgment appealed is accordingly affirmed at appellant’s costs.
Affirmed.